FILED

JUL 1 7 2007

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDGAR CRUZ, BARBARA BARTLEY,<br><br>                                    Plaintiffs,<br><br>        vs.<br><br>CITIFINANCIAL MORTGAGE COMPANY, VERMONT SUPREME COURT, VERMONT SUPERIOR COURT, JUDGE MATTHEW KATZ, JUDGE HELEN TOOR, OFFICE OF THE CLERK, WASHINGTON COUNTY SUPERIOR COURT,<br><br>                                    Defendants. | CASE NO. 06 CV 0819 J (WMc)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR TEMPORARY RESTRAINING ORDER** |

This motion for a temporary restraining order ("TRO") has been referred to the undersigned in light of the presiding district judge, the Honorable Napoleon A. Jones, Jr., being out of the district at the present time. This is a § 1983 case alleging violations of due process in connection with a real property foreclosure proceeding. Plaintiff Edgar Cruz and Plaintiff Barbara Bartley, both proceeding pro se, reside in Encinitas (collectively "Plaintiffs"). Plaintiffs have paid the civil filing fee.

In the Second Amended Complaint ("SAC"), Plaintiffs allege that the Vermont courts did not follow Vermont caselaw and Vermont's rules of civil procedure in denying Plaintiffs' appeal from an order foreclosing on their property.

1   The subject property is located in Washington County in the state of Vermont.

2   Defendants are the Vermont Supreme Court, the Vermont Superior Court, the

3   Washington County Superior Court, the Office of the Clerk, two Vermont state

4   judges, and Citifinancial Mortgage Company ("Citifinancial").  No responsive

5   pleadings have been filed.

6         On February 12, 2007, a Washington Superior Court judge issued an order

7   allowing Citifinancial to immediately dispose of all personal property located at the

8   subject property.  <u>See</u> Exhibit attached to Motion for TRO.

9         Plaintiffs now file a "Motion for Injunctive Relief to Stay the Vermont

10   Washington Superior Court's grant of Defendant's First Amended Judgment Order

11   and Decree of Foreclosure of September 15, 2005."  Mot. at 1.  No proof of service

12   is attached to the motion.  The undersigned is informed that Plaintiff Edgar Cruz

13   telephoned Judge Jones' chambers on July 16, 2007, told the law clerk that by the

14   present papers he was specifically seeking a TRO, and orally asserted that

15   individuals were currently moving personal items out of the subject property.  There

16   is no evidence, however, before the court to support the assertion that items are

17   being moved out of the subject property.

18         In the Ninth Circuit, "preliminary injunctive relief is available to a party who

19   demonstrates either (1) a combination of probable success and the possibility of

20   irreparable harm, or (2) that serious questions are raised and the balance of hardship

21   tips in its favor." <u>Arcamuzi v. Continental Air Lines, Inc.</u>,  819 F.2d 935, 937 (9th

22   Cir. 1987).  Additionally, Rule 65(b) requires an applicant for a TRO to give written

23   or oral notice to the adverse party unless (1) it is clear from specific facts in an

24   affidavit or by the complaint that the applicant will suffer immediate and irreparable

25   injury before the adverse party can be heard, and (2) the applicant's attorney

26   certifies to the court in writing efforts, if any, made to give notice and why notice

27   should not be required.  Fed.R.Civ.P. 65(b); <u>Reno Air Racing Ass'n, Inc. v.</u>

28   <u>McCord</u>, 452 F.3d 1126, 1131-32 (9th Cir. 2006).

06cv0819

1    Here, Plaintiffs' moving papers do not address the probability of success on

2  their § 1983 claim, nor does the Second Amended Complaint, which appears to

3  violate Rule 8, suggest that any relief can be granted.[1]  Additionally, as stated

4  earlier, there is no evidence before the court suggesting the possibility of irreparable

5  harm.  Plaintiff Edgar Cruz's oral statements to the law clerk are insufficient.  As to

6  whether serious questions are raised and whether the balance of hardships tip in

7  favor of Plaintiffs, the court is likewise without any assistance from Plaintiffs,

8  whose moving papers are silent on these issues.  Even a liberal construction of the

9  pleadings does not advance Plaintiffs' cause.  Finally, Plaintiffs have failed to

10  provide proof that they have served the other side with notice of the motion.  Nor do

11  Plaintiffs provide reasons as to why notice should not be required pursuant to Rule

12  65(b).  The motion for a TRO is therefore **DENIED** without prejudice to Plaintiffs'

13  right to bring a renewed application.

14

15    **IT IS SO ORDERED.**

16

17  DATED:  ___7/17___, 2007

18

19

20  JEFFREY T. MILLER

21  United States District Judge

22

23

24  cc:    all parties

25  06cv0819 order denying TRO.wpd

26  _____

27  [1]The court received on July 13, 2007 a Third Amended Complaint ("TAC"), which was not filed because Plaintiffs had not obtained leave of court to file an amended pleading.  The TAC is

28  currently pending on a discrepancy order.  Like the SAC, the TAC fails to comply with Rule 8, nor does the TAC suggest that Plaintiffs are likely to prevail on the merits.

- 3 -

06cv0819